SHERRI L. SCHWEITZER, COUNTY COUNSEL
BY:    WILLIAM H. KENNEY, 9179, ASSISTANT COUNTY COUNSEL
520 MARKET STREET – 14TH FLOOR COURTHOUSE
CAMDEN, NEW JERSEY 08102-1375
(856) 225-5543
ATTORNEYS FOR DEFENDANTS, COUNTY OF CAMDEN
AND CAMDEN COUNTY SHERIFF'S DEPARTMENT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GLENN KINGSBURY, Individually and in in his capacity as Executor of the ESTATE OF JOHN KINGSBURY, deceased | : | |
| *Plaintiff(s)* | : | |
| vs. | : | CIVIL ACTION NO. 1:13-cv-07912 |
| CAMDEN COUNTY SHERIFF'S DEPARTMENT; CAMDEN COUNTY; LAUREN KOHL; MICHAEL CASTRO; JOHN DOES 1-5; individually and/or in their official capacities, jointly, severally and in the alternative | : : : | |
| *Defendant(s)* | : | |

Defendants, County of Camden and the Camden County Sheriff's Department, by way of

answer to the Complaint filed herein, say:

## PARTIES

1.    Neither admitted nor denied, leaving Plaintiff to his proofs.

2.    Admitted.

3.    Admitted.

4.    Admitted Defendant Lauren Kohl was, at all relevant times employed as a

Camden County Sheriff's Officer.  Denied Defendant Lauren Kohl was acting under color of law

or color of her authority as a sheriff's officer at the times alleged.  The balance of the allegations of this paragraph are neither admitted nor denied, leaving Plaintiff to his proofs.

5.      Neither admitted nor denied, leaving Plaintiff to his proofs.

6.      Neither admitted nor denied, leaving Plaintiff to his proofs.

## JURISDICTION & VENUE

7.      The allegations of this paragraph regarding federal question jurisdiction constitute legal opinions and are, therefore, neither admitted nor denied.  The allegation s regarding supplemental jurisdiction for claims arising under state law are denied.  The state law under which claims are made here requires timely filing of a Tort Claims Notice, which has not been accomplished and prohibits the filing of suit for six months after the filing of the Tort claims Notice.

8.      The allegations of this paragraph constitute legal opinions and are, therefore, neither admitted nor denied.

## FACTS COMMON TO ALL COUNTS

9.      Neither admitted nor denied, leaving Plaintiff to his proofs.

10.     Neither admitted nor denied, leaving Plaintiff to his proofs.

11.     Neither admitted nor denied, leaving Plaintiff to his proofs.

12.     Neither admitted nor denied, leaving Plaintiff to his proofs.

13.     Neither admitted nor denied, leaving Plaintiff to his proofs.

14.     Denied.

15.     Denied that the weapon used in the alleged homicide was Defendant Kohl's service weapon.  The remaining allegation concerning this information having been kept confidential is neither admitted nor denied, leaving Plaintiff to his proofs.

16.     Denied that the weapon used in the alleged homicide was owned by Answering Defendants or either of them, and that such weapon was supplied to Defendant Kohl by Answering Defendants or either of them.

## FIRST COUNT
## DEPRIVATION OF FEDERALLY PROTECTED RIGHTS
### (As to all Defendants except Michael Castro)

17.     Answering Defendants incorporate their answers to the preceding paragraphs as if set forth at length herein.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

## SECOND COUNT
## DEPRIVATION OF FEDERALLY PROTECTED RIGHTS
### (As to all Defendants except Michael Castro)

22.     Answering Defendants incorporate their answers to the preceding paragraphs as if set forth at length herein.

23.     Denied.

24.     Admitted Answering Defendants had certain responsibilities for training Sheriff's Officers in the proper use, storage and handling of service weapons, otherwise neither admitted nor denied, leaving Plaintiff to his proofs.

25.     Denied.

26.     Denied.

27.     Denied as to service weapon.  Denied Answering Defendants had any training responsibilities as to personal weapons of Sheriff's Officers.

3

28.    Denied.

29.    Denied.

## THIRD COUNT
## VIOLATION OF NEW JERSEY'S CIVIL RIGHTS ACT
## (As to all Defendants)

30.    Answering Defendants incorporate their answers to the preceding paragraphs as if set forth at length herein.

31.    The allegations of this paragraph constitute legal opinions and are, therefore, neither admitted nor denied.

32.    Denied.

33.    Denied.

34.    Denied.

## FOURTH COUNT
## NEGLIGENCE
## (As to all Defendants)

35.    Answering Defendants incorporate their answers to the preceding paragraphs as if set forth at length herein.

36.    Denied

37.    Denied.

## FIFTH COUNT
## WRONGFUL DEATH
## (As to all Defendants)

38.    Answering Defendants incorporate their answers to the preceding paragraphs as if set forth at length herein.

39.    Neither admitted nor denied, leaving Plaintiff to his proofs.

40.    Neither admitted nor denied, leaving Plaintiff to his proofs.

41.     Neither admitted nor denied, leaving Plaintiff to his proofs.

42.     Denied.

### SIXTH COUNT
### SURVIVORSHIP
### (As to all Defendants)

43.     Answering Defendants incorporate their answers to the preceding paragraphs as if set forth at length herein.

44.     Denied.

45.     Denied.

46.     Denied.

**WHEREFORE**, the Defendants demand judgment dismissing the Complaint together with an award of counsel fees and costs incurred by Defendants.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint is barred, in whole or in part, due to the absolute and/or qualified immunity afforded to the Defendants.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's Complaint is barred in whole or in part, as the defendant complied with all applicable state statutes, regulations and common law duties owed to the plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim for which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint is barred in whole or in part, as the plaintiff suffered no violation of his civil rights due to the action or inaction of the defendants.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint is barred in whole or in part on the basis of those defenses specified under Federal Rules of Civil Procedure 12(b)(1) which the defendants have not waived: (a) lack of jurisdiction over the defendants; (b) improper venue; (c) insufficiency of process; and/or (d) insufficiency of service or process.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's complaint is barred in whole or in part as the action of the answering defendants complained of do not rise to the level of either a federal or state constitutional violation.

### SEVENTH AFFIRMATIVE DEFENSE

The Answering Defendants were not guilty of negligence and did not breach or violate any duty or obligation owed to the plaintiff, if any.  Even if the Answering Defendants were negligence, such negligence did not rise to the level of either a federal or state constitutional violation.

### EIGHTH AFFIRMATIVE DEFENSE

The Answering Defendants at all times relevant herein performed their duties, and at no time were the answering defendants grossly negligent, reckless and/or deliberately indifferent to the medical, safety or other needs of the plaintiff.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint is barred in whole or in part, as the Answering Defendants are immune by virtue of the good faith exercise of their official duties.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint is barred in whole or in part as there was no policy or custom implemented by the Answering Defendants which was a driving force of any constitutional violation alleged by the plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

The injuries suffered by the plaintiff, if any, resulted from the action or failure to act of third parties over whom the Answering Defendants had no control and/or no duty to control.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action for wrongful death and survivorship is barred by the provisions of the New Jersey Tort Claims Act. N.J.S.A. 59:1-1, et. seq.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Answering Defendants affirmatively plead the procedural and substantive provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et. seq., and are immune from plaintiff's claim for relief or damages due to the immunities set forth therein.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint is barred in whole or in part, and by and/all provisions of the New Jersey Tort Claim Act, N.J.S.A. 59:1-1 et. seq., due to plaintiff's failure to comply with the said provisions, including as if listed herein separately and particularly each and every section identified and encompassed therein and/or the immunities provided to the defendant(s) under the aforementioned provisions.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not present his claims for damages under New Jersey's Tort Claims Act, N.J.S.A. 59:1-1 et. seq., within 90 days of accrual, the time allowed, and his claims are, therefore, barred.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not seek or secure leave of court to file a late notice of tort claim, as required under New Jersey's Tort Claims Act, N.J.S.A. 59: 8-9.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff filed the within action less than six months after what Plaintiff claims to be his timely filed Tort Claims Notice, received October 29, 2013. The Tort Claims Act requires a party allow six months to expire from the filing of such notices before commencing suit. The action is premature.

## EIGHTEENTH AFFIRMATIVE DEFENSE

More than one year has passed since accrual of Plaintiff's claims against the public entities and public employees defendant and the filing of a notice of tort claim after that date is absolutely barred by the provisions of the New Jersey's Tort Claims Act, N.J.S.A. 59: 8-9.

## NINETEENTH AFFIRMATIVE DEFENSE

The Tort Claims Act requirements identified in the Sixteenth, Seventeenth and Eighteenth Affirmative Defenses above are prerequisites to maintaining suit against a public entity or a public employee. N.J.S.A. 59:8-3 and 59:8-8. All claims against public entities and public employees qua public employees fail to satisfy the statutory prerequisites and must be dismissed.

## CROSSCLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION

While denying any liability in this action, the Defendants, County of Camden and Camden County Sheriff's Department, allege that in the event that the plaintiff obtains a judgment against these answering defendants, these answering defendants are entitled to contribution and/or indemnification against the remaining defendants.  Accordingly, without admitting any liability whatsoever, these answering defendants hereby demand from any/all co-defendants currently named or to be named to this action for contribution and/or indemnification pursuant to any/all applicable provisions of common law and/or contract and/or statute, including but not limited to the New Jersey Joint Tortfeasor Contribution Act, N.J.S.A. 2:53A-1 et. seq.; Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et. seq.; the New Jersey Tort Claims Act, N.J.S.A. 59:9-3 and 59:9-4 and/or by way of demand for complete indemnification against all other defendants currently named or to be named, assert that any negligence on the part of these answering defendants is only secondary, vicarious and imputed whereas the negligence of any/all such other defendants was primary, direct and active.

WHEREFORE, the Defendants, County of Camden and Camden County Sheriff's Department, demand that the remaining defendants be held jointly and/or severally liable, liable over to, liable by way of contribution and/or indemnification to the answering defendants for any recovery made by the plaintiff in the present matter, any liability on the part of the answering defendants being specifically denied.

## ANSWER TO CROSSCLAIMS OF CO-DEFENDANTS

The Defendants, County of Camden and Camden County Sheriff's Department, deny all allegations contained in the Crossclaims filed or to be filed by the co-defendants.  These answering defendants further deny that the crossclaimants are entitled to the relief sought.

WHEREFORE, the Defendants, County of Camden and Camden County Sheriff's Department, demand judgment in its/their favor.

## RESERVATION OF DEFENSES AND OBJECTIONS

The Answering Defendants, County of Camden and Camden County Sheriff's Department, hereby reserve the right to interpose such other defenses and objections as continuing investigation may disclose.

COUNTY COUNSEL

BY: _____

DATED: February 13, 2014

WILLIAM H. KENNEY, ESQ.
ASSISTANT COUNTY COUNSEL

## JURY TRIAL DEMANDED

A jury trial is demanded as to all issues so triable.

COUNTY COUNSEL

BY: _____

DATED: February 13, 2014

WILLIAM H. KENNEY, ESQ.
ASSISTANT COUNTY COUNSEL

## CERTIFICATION PURSUANT TO L. Civ. R. 11.2

I hereby certify that, upon information and belief, the matter in controversy is also the subject matter of the criminal case <u>State v. Michael Castro,</u> which is pending in the Superior Court of New Jersey, Atlantic County.

COUNTY COUNSEL

BY:

DATED:  February 13, 2014

WILLIAM H. KENNEY, ESQ.
ASSISTANT COUNTY COUNSEL

## PROOF OF E-FILING

On February 12 2014, I, the undersigned, electronically filed the within Answer.

COUNTY COUNSEL

BY:

DATE:  February 13, 2014

WILLIAM H. KENNEY, ESQ.
ASSISTANT COUNTY COUNSEL

11